LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
POST OFFICE BOX 20527
PHOENIX, ARIZONA  85036
(602) 271-7700
Wm. Rinaudo Phillips (019949)
wrp@bowwlaw.com
taf
Attorneys for Defendant Kenneth V. Vanderzanden

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| BRIAN KOLFAGE and ASHLEY KOLFAGE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>LOUIS ANTHONY CAPONECCHIA, also known as FRANK DARBO, FAWN LEBOWITZ, JIM REEVES, and ESTER CUMBSKI; DARREN REMINGTON also known as REN REM and REGINALD REMINGTON; JUSTINE L. GRANT; NATHANIEL S. DOWNES, also known as SPOCK ELVIS, OLIVE COSSACK, and ERIC STRATTON; PAUL E. LOEBE; JOHN L. PRAGER; KENNETH V. VANDERZANDER also known as KENNY VANDERZANDEN, HOWARD FINCH, PATCHES O'HOULIHAN, LAFFIN DEMON, LEFT HANDED ARCHITECT,<br><br>Defendants. | NO. 2:14-cv-01638-HRH<br><br>**DEFENDANT KENNETH V. VANDERZANDEN'S ANSWER**<br><br>**AND AFFIMATIVE DEFENSES**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

For answer to plaintiffs' complaint, Defendant Kenneth Vanderzanden admits, denies and alleges as follows:

### Parties and Jurisdiction

1. Admit residency allegations and deny remainder for insufficient knowledge.

2. – 11.  Denied for insufficient knowledge.

12. Admitted.

13. Admit that this defendant is also known as Kenney Vanderzanden, and deny remainder.

### General Allegations Regarding Brian and Ashley Kolfage

14. Admitted.

15.- 27.  Denied for insufficient knowledge, or generally denied.

28. Denied

29. Denied for insufficient knowledge

30. Admitted.

31. – 32.  Denied for insufficient knowledge.

### General Allegations Regarding Caponecchia

33. Defendant realleges and incorporates his prior responses as if set forth fully.

34. – 82.  Denied for insufficient knowledge.

### General Allegations Regarding Remington

83. Defendant realleges and incorporates his prior responses as if set forth fully.

84. – 104.  Denied for insufficient knowledge.

### General Allegations Regarding Grant

105. Defendant realleges and incorporates his prior responses as if set forth fully.

106. – 116.  Denied for insufficient knowledge.

### General Allegations Regarding Downes

117. Defendant realleges and incorporates his prior responses as if set forth fully.

118. - 134. Denied for insufficient knowledge.

### General Allegations Regarding Loebe

135. Defendant realleges and incorporates his prior responses as if set forth fully.

136. – 149. Denied for insufficient knowledge.

### General Allegations Regarding Prager

150. Defendant realleges and incorporates his prior responses as if set forth fully.

151. – 164. Denied for insufficient knowledge.

### General Allegations Regarding Vanderzanden

165. Defendant realleges and incorporates his prior responses as if set forth fully.

166. Admitted.

167. Denied.

168. Denied for insufficient knowledge.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Admitted.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

## COUNT 1 – DEFAMATION
## (AGAINST ALL DEFENDANTS)

180. Defendant realleges and incorporates his prior responses as if set forth fully.

181. – 195.  Denied as to this Defendant, and deny remainder for insufficient knowledge.

## COUNT 2 – DECLARATORY RELIEF
## (AGAINST ALL DEFENDANTS)

196. Defendant realleges and incorporates his prior responses as if set forth fully.

197. This is not a factual allegation and, accordingly, no response is required.

198. Deny that defendant Vanderzanden has in any way harmed plaintiffs, and deny remainder for insufficient knowledge.

199. Denied for insufficient knowledge.

200. This is a legal contention to be presented to the court and is otherwise denied.

201. Denied.

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

202. Defendant realleges and incorporates his prior responses as if set forth fully.

203. – 206.  Denied.

## COUNT 4 – FALSE LIGHT
### (AGAINST ALL DEFENDANTS)

207.   Defendant realleges and incorporates his prior responses as if set forth fully.

208 – 211.   Denied as to this Defendant, and deny remainder for insufficient knowledge.

## COUNT 5 – TORTIOUS INTERFERENCE
### (AGAINST CAPONECCHIA, REMINGTON, GRANT AND DOWNES)

212.   Defendant realleges and incorporates his prior responses as if set forth fully.

213. – 222.   Denied for insufficient knowledge.

223.   This answering defendant hereby denies any allegation not specifically admitted or responded to above.

FOR FURTHER ANSWER AND BY WAY OF AFFIRMATIVE DEFENSES, defendant Vanderzanden alleges as follows:

1.   Plaintiff Brian Kolfage has intentionally sought public attention through numerous avenues, including the internet, and has thus exposed himself to fair comment regarding his activities and beliefs; and,

2.   Some or all of the allegations alleged above may be entitled to a qualified privilege; and,

3.   Plaintiffs have failed to serve process upon this defendant in the manner and form required by law; and,

4.   The court lacks jurisdiction over the person of this answering defendant; and,

5.   Plaintiffs' alleged damages were caused by other parties herein and/or other

entities, and if any damages are awarded, such damages should be apportioned according to fault; and,

6. Some of all of plaintiffs' claims are barred by the application period of limitations; and,

7. Plaintiffs, in whole or in part, fail to state claims upon which relief can be granted.

FOR FURTHER ANSWER AND BY WAY OF RESERVATION OF RIGHTS, defendant Vanderzanden specifically reserves his right to amend his answer and add additional claims or defenses as discovery proceeds and further information becomes available.

WHEREFORE, defendant Vanderzanden prays that plaintiffs' complaint be dismissed, with prejudice, and that this defendant be awarded his costs and disbursements herein, his actual attorney fees pursuant to A.R.S. § 12-349, along with any additional relief the court deems appropriate under the circumstances.

Demand is hereby made for trial by jury of all issues in the above-entitled action.

RESPECTFULLY SUBMITTED this 21st day of July, 2014.

       BROENING OBERG WOODS & WILSON, P.C.

       By  */s/Wm. Rinaudo Phillips*
        Wm. Rinaudo Phillips
        Post Office Box 20527
        Phoenix, Arizona  85036
        Counsel for Defendant Kenneth V. Vanderzanden

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was mailed on this 22nd day of July, 2014 to:

Logan V. Elia
lelia@roselawgroup.com
Christopher B. Ingle
cingle@roselawgroup.com
Rose Law Group, P.C.
7144 East Stetson DRive, Suite 300
Scottsdale, Arizona 85251
Attorneys for Plaintiffs Brian and Ashley Kolflage


By   Teresa Flores